**COURT OF APPEALS
DECISION
DATED AND FILED**

**September 22, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2019AP2027-CR**

Cir. Ct. No. 2014CF9

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT III**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

KENNETH L. RISCH,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Taylor County:  ANN KNOX-BAUER, Judge.  *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Kenneth Risch appeals a judgment convicting him of second-degree sexual assault of a child, as a repeater, and an order denying his

motion for postconviction relief. After revocation of his probation, Risch was sentenced to five years' initial confinement and seven years' extended supervision. On appeal, Risch argues the circuit court erroneously exercised its discretion when imposing that sentence because it relied on improper factors—specifically, compelled statements that Risch made to his probation agent and a treatment provider, as well as information derived from those compelled statements. Risch also argues his trial attorney was ineffective by failing to object to the court's consideration of the compelled statements and derivative information.

¶2 We conclude Risch has failed to establish that the circuit court actually relied on any compelled statements or information derived from compelled statements when imposing his sentence after revocation. Accordingly, Risch has failed to show that the court actually relied on any improper factors. Consequently, Risch's trial attorney was not ineffective by failing to object during his sentencing after revocation hearing. We therefore affirm.

## BACKGROUND

¶3 In January 2014, Risch was charged with one count of first-degree sexual assault of a child under age thirteen, as a repeater. The criminal complaint alleged that Risch had sexually assaulted his girlfriend's niece on two occasions during the summer of 2013. The victim was eight years old at the time of the assaults.

¶4 Risch ultimately pled no contest to second-degree sexual assault of a child, as a repeater. That charge carried a maximum sentence of forty-two years'

imprisonment.[1]  Pursuant to the parties' joint recommendation, the circuit court withheld sentence and imposed an eight-year term of probation, with twelve months' conditional jail time.

¶5      Among other things, Risch's rules of supervision prohibited him from accessing the internet without prior agent approval, having "internet access or engag[ing] in picture texting on" his phone, possessing or viewing material depicting the intimate parts of a child or adult, and having romantic or sexual relationships without prior agent approval.  Risch was also required to provide "true, accurate, and complete information in response to inquiries by" Department of Corrections (DOC) staff and to submit to polygraph examinations as directed by his agent.  In addition, Risch was required to "[f]ully cooperate with, participate in, and successfully complete all sex offender services deemed appropriate through the sex offender evaluation process."

¶6      On August 31, 2016, Risch submitted to a polygraph examination as required by his rules of supervision.  During the pre- and post-interview phases of the examination, Risch admitted watching adult and bestiality pornography while on supervision, including on his internet-capable cell phone while on Huber release from jail; having a computer at his residence with several SD memory cards containing pornography that he continued to use; and having sexual intercourse with an unapproved female on several occasions.  As a result, Risch's residence was

---

[1] Second-degree sexual assault of a child is a Class C felony, the maximum penalty for which is forty years' imprisonment.  *See* WIS. STAT. §§ 939.50(3)(c), 948.02(2) (2017-18).  Because Risch was convicted of that offense as a repeater, based on three previous misdemeanor convictions, the maximum term of imprisonment was increased to forty-two years.  *See* WIS. STAT. § 939.62(1)(c) (2017-18).

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

searched and various items were seized, including three laptop computers, five SD memory cards, and one USB memory stick.

¶7 Risch subsequently admitted that he had possessed the items seized from his residence. He also admitted that one of the memory cards contained adult bestiality pornography. Risch denied, however, that any of the items seized from his residence contained child pornography. He was then given an Alternative to Revocation (ATR), which required him to complete inpatient sex offender treatment. Risch successfully completed an inpatient sex offender treatment program and was discharged on March 22, 2017.

¶8 In May 2017, a digital forensic examiner from the Department of Justice (DOJ) informed Risch's probation agent that he had examined one of the laptops that had been seized from Risch's residence and found seventy-three images of naked or partially clothed children, some of them in sexual poses. The DOJ examiner also discovered that the most recent videos accessed using the laptop's Windows Media Player included videos with titles indicating that they contained pornography involving minors. In addition, the DOJ examiner found evidence that an internet search was conducted on Risch's computer for "preteen fantasy stories" in January 2016. Finally, the DOJ examiner reported that he had found numerous pictures and videos depicting bestiality on Risch's seized devices.

¶9 Risch's probation was subsequently revoked. An administrative law judge (ALJ) concluded revocation was necessary for the following reasons:

> The department offered Risch an ATR for his previous violations because at the time it was unaware of the child pornography and he denied possessing any. His lack of truthfulness was discovered when the DOJ examiner conducted a forensic review of his computer; however, by that time, Risch had successfully completed his sex offender treatment at [Racine Correctional Institution]. As a result,

> his issues with child pornography went unaddressed. He provided false information to his agent and his treatment provider about his behavior. This demonstrates a brazen disregard for his rules of supervision that is entirely inconsistent with community-based rehabilitation. Risch cannot be trusted to comply with his rules or be honest with his agent or treatment providers which makes him a poor risk on supervision. Due to Risch's deliberate secrecy, his inappropriate sexual proclivity for children remains unaddressed.

The ALJ therefore concluded that revocation of Risch's probation was "necessary to protect the public from further criminal activity," and that failing to revoke Risch's probation "would unduly depreciate the seriousness of [his rule] violations."

¶10 Risch appeared before the circuit court for sentencing after revocation on September 11, 2018. The court began by asking Risch and his attorney whether there were any inaccuracies in the revocation packet. Risch's attorney responded that Risch denied possessing or viewing child pornography while on probation.

¶11 Thereafter, during his allocution, Risch asserted that his case involved "constitutional issues and some evidence issues that … should have been considered and were not." Risch then complained that the rule violations set forth in the revocation packet pertained to conduct that occurred before his ATR. He asserted that as a result of his ATR, he "went through the treatment and … took the treatment to heart only to be turned around and slapped in the face during all of this last revocation." He continued, "[I]t felt like a severe punch in the gut that when I did try to turn my life around to have facts twisted and things turned around to make it look like I'm the largest monster that lives in Wisconsin and I prey upon children." Risch also suggested that the circuit court should impose a lenient sentence so that he would be able to spend time with his nearly five-year-old daughter.

¶12    The circuit court ultimately sentenced Risch to five years' initial confinement and seven years' extended supervision.  As explained in greater detail below, during its sentencing remarks, the court referred to statements Risch made to his probation agent during the polygraph examination and to information derived from those statements—specifically, information about the materials found on Risch's electronic devices during the forensic examination.  The court also referred to Risch's community treatment provider's opinion that Risch was at a high risk of reoffending.

¶13    Risch subsequently filed a postconviction motion for resentencing. He argued the circuit court had erroneously exercised its discretion when imposing his sentence after revocation by relying on improper factors—namely, his compelled statements to his probation agent and treatment provider and information derived from those compelled statements.  Risch argued the court's reliance on the compelled statements and derivative information violated his due process right to be sentenced based on proper factors and his Fifth Amendment privilege against self-incrimination.  Risch also argued his trial attorney was ineffective by failing to object to the court's reliance on the compelled statements and derivative information.

¶14    The circuit court denied Risch's postconviction motion following a *Machner*[2] hearing.  The court concluded Risch had "failed to meet his burden of proving that the court **actually** relied on [his] compelled statements to his probation agent" when imposing sentence.  The court explained that although it did "reference compelled statements made by [Risch]" during its sentencing remarks, it did so "in response to the comments made by [Risch] and his lawyer during the sentencing

---

[2] *See* **State v. Machner**, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

hearing." The court further concluded that Risch would have "received the same sentence had the court made no mention of the compelled statements and their derivative [information]."

¶15 The circuit court acknowledged that when imposing Risch's sentence it had considered Risch's treatment provider's opinion that Risch was at a high risk of reoffending. The court concluded, however, that Risch had failed to establish that his treatment provider's opinion in that regard was based on any compelled statements. The court also concluded Risch had not established that any statements he made to his treatment provider were privileged under WIS. STAT. § 905.04(2).

¶16 Finally, the circuit court concluded that Risch's trial attorney was not ineffective by failing to object to the court's references to Risch's compelled statements and to information derived from those statements. The court explained, "[S]ince there was no actual reliance on compelled statements, there was no prejudicial effect from counsel's failure to object and therefore no ineffective assistance of counsel." Risch now appeals, arguing the court erred by denying his postconviction motion for resentencing.

**DISCUSSION**

**I. Consideration of improper sentencing factors**

¶17 On appeal, we will affirm a circuit court's sentencing decision as long as the court did not erroneously exercise its discretion. *State v. Alexander*, 2015 WI 6, ¶16, 360 Wis. 2d 292, 858 N.W.2d 662. A defendant has a constitutional due process right not to be sentenced based on improper factors. *State v. Williams*, 2018 WI 59, ¶51 n.15, 381 Wis. 2d 661, 912 N.W.2d 373. Accordingly, a court erroneously exercises its discretion at sentencing when it actually relies on an

improper factor. *Alexander*, 360 Wis. 2d 292, ¶17. A defendant bears the burden of proving, by clear and convincing evidence, that the court actually relied on an improper factor at sentencing. *Id.*

¶18 "Both the Fifth Amendment to the United States Constitution and article I, section 8 of the Wisconsin Constitution provide that a person may not be compelled in any criminal case to be a witness against himself or herself." *State v. Peebles*, 2010 WI App 156, ¶10, 330 Wis. 2d 243, 792 N.W.2d 212. The constitutional privilege against self-incrimination "continues after a plea and through sentencing." *Alexander*, 360 Wis. 2d 292, ¶24. Thus, if a defendant is compelled to make incriminating statements by his or her rules of supervision, those statements may not be used against the defendant in any criminal proceeding, including sentencing. *Peebles*, 330 Wis. 2d 243, ¶¶19, 21. A circuit court therefore employs an improper factor at sentencing if it actually relies on a defendant's compelled statements. *Alexander*, 360 Wis. 2d 292, ¶24.

¶19 In order to establish that the circuit court actually relied on compelled statements, a defendant must show that the court gave "explicit attention" to those statements, such that they "formed part of the basis for the sentence." *Id.*, ¶25 (citation omitted). In other words, the defendant must show that absent the compelled statements, the court "would not have sentenced the defendant in the same manner." *See id.*, ¶27. "We review the circuit court's articulation of its basis for sentencing in the context of the entire sentencing transcript" to determine whether the court actually relied on any compelled statements. *Id.*, ¶25.

¶20 In this case, we conclude Risch has failed to prove, by clear and convincing evidence, that the circuit court actually relied on any compelled statements or information derived from compelled statements when imposing his

sentence after revocation. Risch first argues that the court actually relied on statements he was compelled to make to his probation agent during his required polygraph examination on August 31, 2016, regarding his use and possession of pornography in violation of his rules of supervision. He also argues the court actually relied on information derived from those compelled statements—specifically, information about the contents of the computers and memory cards that were seized from his residence as a result of his admissions during the polygraph examination. Risch argues that based on his compelled statements and the resultant derivative information, the court concluded he had viewed "deviant" content while on supervision, which affected the court's view of Risch's character and the danger he posed to the public.

¶21    We are not persuaded. Although the circuit court referenced the admissions Risch made during the polygraph examination and the contents of his electronic devices during its sentencing remarks, the mere fact that the court made those references is insufficient to prove that the court actually relied on the compelled statements or information derived from them when imposing Risch's sentence. Again, when determining whether a circuit court actually relied on compelled statements, we must consider the court's references to those statements within the context of the entire sentencing transcript. *See Alexander*, 360 Wis. 2d 292, ¶25. Here, the sentencing transcript shows that the court merely referred to the compelled statements and derivative information in order to address remarks Risch and his attorney made during the sentencing hearing and to explain why Risch's probation had been revoked. The court did not rely on the compelled statements and derivative information as a basis for Risch's sentence.

¶22    As noted above, the circuit court began Risch's sentencing after revocation hearing by asking Risch and his attorney whether there were any

inaccuracies in the revocation packet. Risch's attorney responded that Risch denied possessing or viewing child pornography while on probation. Counsel's response suggested that Risch believed his probation had been improperly revoked, as Risch's possession of child pornography while on probation and his failure to reveal that fact during sex offender treatment were the main reasons for the ALJ's decision to revoke his probation. During his allocution, Risch similarly complained that his probation should not have been revoked because the revocation was based on issues and facts that preceded his successful completion of the ATR.

¶23 During its subsequent sentencing remarks, the circuit court began by addressing the seriousness of Risch's offense. However, immediately thereafter, the court changed course and stated, "I should go back to the revocation." The court then proceeded to address the complaints Risch had made about his probation revocation during his allocution and to explain the reasons his probation had been revoked.

¶24 Specifically, the circuit court explained that Risch's probation was revoked because he "did have possession of what I would define to be deviant type of sexual information content and apparently had watched that as late as August 31st of 2016." The court also noted that after the forensic examination, Risch was given an opportunity to make a statement about the evidence found on his computer and SD memory cards, which included files whose titles suggested they contained pornography involving teenagers and animals. The court observed that, at that point, Risch admitted to possessing "images of a child's diaper rash because of complaints he was receiving from his dad regarding his daughter," and he also admitted "conducting internet searches for preteen sex fantasy stories and having watched videos." The court noted, however, that the ALJ found Risch had provided inconsistent statements to the DOC regarding the material on the seized devices.

After explaining the reasons for Risch's probation revocation, the court returned to its discussion of Risch's sentence after revocation by addressing his character and the need to protect the public.

¶25     As the above summary shows, although the circuit court referred to Risch's compelled statements to his probation agent and information derived from those statements during its sentencing remarks, it did so in order to address remarks by Risch and his attorney that suggested Risch's probation should not have been revoked.  Thus, the sentencing transcript, when viewed in its entirety, does not support Risch's assertion that the court actually relied on his compelled statements to his probation agent or information derived from those statements when imposing his sentence after revocation.

¶26     Moreover, in order to meet his burden to prove that the circuit court actually relied on the compelled statements to his probation agent and the information derived therefrom, Risch needed to show by clear and convincing evidence that absent the compelled statements and derivative information, the court "would not have sentenced [him] in the same manner." *See Alexander*, 360 Wis. 2d 292, ¶27.  Risch has not met that burden.

¶27     The sentencing transcript instead shows that the circuit court relied on proper factors when imposing Risch's sentence after revocation.  A sentencing court "must consider three primary sentencing factors: (1) the gravity of the offense, (2) the character and rehabilitative needs of the offender, and (3) the need for protection of the public." *State v. Samsa*, 2015 WI App 6, ¶8, 359 Wis. 2d 580, 859 N.W.2d 149 (2014).  Here, as noted above, the court began by considering the gravity of Risch's offense.  The court noted that Risch had originally been charged with first-degree sexual assault of a child; that he had been charged and convicted

11

of second-degree sexual assault of a child as a repeater; and that his offense involved the "sexual touching" of his girlfriend's niece, who was eight years old at the time of the assaults. We agree with the State that although the court's remarks regarding the underlying offense were brief, "it is not clear what more needed to be said to express the extraordinary gravity of [Risch's] offense."

¶28    After pausing to address Risch's complaints about his probation revocation, the circuit court then continued its sentencing remarks by addressing Risch's character. The court acknowledged some positive aspects of Risch's character—for instance, that he was a veteran and had support in the community. Nevertheless, the court stated it was "unfortunate" that Risch, while on probation, "didn't come clean with whatever urges he was having and that he had possession of these materials because the Department of Corrections could have done a lot more for him at that point if they had known what his current status was." The court further stated it was "disturbing" that Risch "continues to violate the law and not follow the rules of supervision that all led him back here."

¶29    The circuit court acknowledged Risch's stated desire to be with his daughter. It explained, however, that "parents of children, especially young children, come in and say well having that child changed my life and I have to be there, judge … you can't send me to prison, and that's just more excuse making and rationalizing as far as I can see." The court also explained that Risch's allegation of an "improper court process" during his allocution was indicative of "the whole problem that Mr. Risch has in denying what his problem is." The court further described Risch as having "a great level of denial."

¶30    The circuit court then addressed the need to protect the public. The court noted that the COMPAS evaluation showed a low to medium risk of

recidivism.[3] However, the court observed that COMPAS is "not really that great at" evaluating the risk of recidivism for sex offenders. The court further stated that the results of the COMPAS evaluation "fl[ew] in the face of more particular information"—specifically, Risch's community treatment provider's opinion that Risch was "at a high risk of reoffending."[4] The court concluded:

> From the comments that I have heard today and reading the revocation packet and the history that Mr. Risch has had, he hasn't really fully dealt with his deviant sexual thoughts or behaviors and so I do think that he's at a high risk of reoffending in the sexual arena.

¶31 Based on all of the factors discussed above, the circuit court sentenced Risch to five years' initial confinement and seven years' extended supervision. After noting that Risch was entitled to over three years of sentence credit, the court stated it hoped that the initial confinement portion of Risch's sentence would be "enough time in the prison system in order to have a proper sex offender assessment and enter treatment programs." The court also explained that it had imposed seven years of extended supervision so that the DOC would have time to "work with" Risch after he was released into the community. The court concluded its sentencing remarks by stating: "So I think it's an appropriate sentence. It takes into account the amount of time that he's already served, it addresses the nature of the offense,

---

[3] In *State v. Loomis*, 2016 WI 68, ¶98, 371 Wis. 2d 235, 881 N.W.2d 749, our supreme court held that a sentencing court may consider a COMPAS evaluation at sentencing, but the defendant's score on the evaluation may not be determinative of the defendant's sentence. In other words, the COMPAS evaluation "is only one of many factors that may be considered and weighed at sentencing," and a sentencing court "must explain the factors in addition to a COMPAS risk assessment that independently support the sentence imposed." *Id.*, ¶99.

In this case, Risch does not argue that the circuit court improperly relied on the COMPAS evaluation when imposing his sentence after revocation. As such, we do not address that issue.

[4] As explained below, the circuit court could properly rely on Risch's treatment provider's opinion because there is no evidence that opinion was based on any compelled, incriminating statements.

his status as a repeater, his prior character and the problems that he's having, [and] the need to protect the public as well."

¶32     When considered as a whole, the circuit court's sentencing remarks show that the court relied on proper factors when sentencing Risch. Although the court referred to Risch's compelled statements to his probation agent and information derived from those statements, it did so in response to Risch's complaints about his probation revocation, not as a basis for Risch's sentence after revocation. Ultimately, the proper factors the court relied on at sentencing provided an ample basis for its decision to impose a sentence of five years' initial confinement and seven years' extended supervision—which was far less than the maximum forty-two-year sentence the court could have imposed.

¶33     Under these circumstances, Risch has not shown that either his compelled statements to his probation agent or information derived from those statements "formed part of the basis for [his] sentence" such that, absent the statements and information, the court would not have sentenced him in the same manner. *See Alexander*, 360 Wis. 2d 292, ¶¶25, 27 (citation omitted). Risch has therefore failed to prove, by clear and convincing evidence, that the court actually relied on the compelled statements and derivative information when imposing his sentence after revocation.

¶34     Risch also argues that the circuit court erred by relying on his treatment provider's opinion that he had a high risk of reoffending. Risch notes that his rules of supervision required him to participate in sex offender treatment. As such, he argues that any statements he made to his treatment provider were compelled. He further argues that his treatment provider's opinion about his risk of reoffense was derived from those compelled statements and therefore constituted an

14

improper factor for the court to consider when imposing his sentence after revocation.

¶35 Risch's argument regarding his treatment provider's opinion fails because he does not identify any incriminating statements that he made to his treatment provider. In addition, Risch cites no evidence that his treatment provider's opinion about his risk of reoffense was based on any incriminating statements he may have made. Risch has therefore failed to show that his treatment provider's opinion was an improper factor for the circuit court to consider at sentencing.

¶36 In his reply brief, Risch acknowledges that he has not identified any specific incriminating statements that he made to his treatment provider. He asserts that because his sessions with his treatment provider were not transcribed, "no record of any specific statements is available." He argues, however, that "it seems logically irrefutable that the opinion of the treatment provider was based on the contents of the compelled sessions."

¶37 Risch's argument is unpersuasive. His treatment provider's opinion regarding his risk of reoffense could have been based on a variety of things, including Risch's criminal file or information provided by third parties. In support of his postconviction motion, Risch could have submitted evidence indicating the basis for his treatment provider's opinion, but he failed to do so. On the record before us, there is simply no evidence to support a conclusion that the treatment provider's opinion was based on any incriminating statements Risch may have made during required treatment sessions.

¶38 A comparison of this case with *State v. Mark*, 2008 WI App 44, 308 Wis. 2d 191, 747 N.W.2d 727, is instructive. Mark, a sex offender who was on

parole, admitted in compelled statements to his parole agent that he attempted to forcibly enter a woman's hotel bathroom while she yelled for him to get out. *Id.*, ¶¶4-6. The State subsequently sought to commit Mark as a sexually violent person. *Id.*, ¶4. At Mark's commitment hearing, two psychiatrists testified it was "more likely than not" that Mark would reoffend, and it was clear from their testimony that they had relied on his statements about the hotel incident in reaching their opinions. *Id.*, ¶¶8, 43. In particular, both psychiatrists testified that without the hotel incident, Mark would have received lower scores on the actuarial instruments that they had used to estimate his risk of reoffense. *Id.*, ¶43. On appeal, we concluded the psychiatrists' opinions regarding Mark's likelihood of reoffense should have been excluded because Mark had shown that they were derived from specific compelled statements. *Id.*, ¶44.

¶39 Here, unlike in *Mark*, Risch has not pointed to any specific compelled statements that his treatment provider relied upon in determining his risk of reoffense. We therefore reject Risch's argument that his treatment provider's opinion was an improper factor for the circuit court to consider at sentencing.

¶40 Risch also argues that the circuit court should not have relied on his treatment provider's opinion because it was based on statements that were privileged under WIS. STAT. § 905.04(2). The privilege set forth in that statute, however, applies only to "confidential communications made or information obtained or disseminated for purposes of diagnosis or treatment of the patient's physical, mental or emotional condition." *Id.* Risch has not established that he made any confidential statements to his treatment provider that were not intended to be disclosed to third parties, nor has he shown that his treatment provider's opinion regarding his risk of reoffense was based on any such statements. We therefore reject Risch's argument that the court could not consider his treatment

provider's opinion because it was based on statements that were privileged under § 905.04(2).

¶41     In summary, we conclude Risch has failed to establish that the circuit court actually relied on any improper factors when imposing his sentence after revocation.   Although the court mentioned Risch's compelled statements to his probation agent and information derived from those statements during its sentencing remarks, Risch has not met his burden to show that the court actually relied on those statements or that information when imposing his sentence.   And while the court clearly relied on Risch's treatment provider's opinion regarding his risk of reoffense, Risch has not shown that that opinion was based on any compelled, incriminating statements he made to his treatment provider.   As such, Risch has not shown that the court erroneously exercised its discretion by relying on improper factors when imposing his sentence after revocation.

## II.  Ineffective assistance of counsel

¶42     Whether an attorney rendered ineffective assistance is a mixed question of fact and law.  *State v. Nielsen*, 2001 WI App 192, ¶14, 247 Wis. 2d 466, 634 N.W.2d 325.  We will uphold the circuit court's findings of fact unless they are clearly erroneous.  *Id.*  However, whether the defendant's proof is sufficient to establish ineffective assistance is a question of law that we review independently. *Id.*  To prevail on an ineffective assistance claim, a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

¶43     Risch's trial attorney did not object during his sentencing after revocation hearing when the circuit court referred to Risch's compelled statements and information derived from those statements.  On appeal, Risch asserts it was not

necessary for his trial attorney to object to the court's remarks in order to preserve Risch's improper factor argument for appeal. In support of that proposition, Risch cites our supreme court's recent decision in **State v. Counihan**, 2020 WI 12, 390 Wis. 2d 172, 938 N.W.2d 530. In the alternative, Risch argues that if an objection was required to preserve his improper factor argument for review, his trial attorney was ineffective by failing to object to the court's consideration of improper factors.

¶44 The State, for its part, does not argue that Risch forfeited his argument regarding the circuit court's consideration of improper factors. Instead, the State argues Risch has failed to show that the court actually relied on any improper factors when imposing his sentence after revocation. The State therefore argues that, because the court did not rely on any improper factors, Risch's trial attorney was not ineffective by failing to object.

¶45 Ultimately, we need not address whether Risch forfeited his argument regarding the circuit court's consideration of improper factors at sentencing. For the reasons explained above, we conclude Risch has failed to show that the court actually relied on any improper factors. Thus, even if an objection was required to preserve Risch's improper factor argument for review, Risch's trial attorney did not perform deficiently by failing to object, nor did that failure prejudice Risch's defense. *See* **State v. Wheat**, 2002 WI App 153, ¶23, 256 Wis. 2d 270, 647 N.W.2d 441 (trial counsel's failure to raise a meritless argument does not constitute deficient performance); *see also* **State v. Simpson**, 185 Wis. 2d 772, 784, 519 N.W.2d 662 (Ct. App. 1994) (a defendant is not prejudiced by trial counsel's failure to raise an argument that would not have been successful). We therefore reject Risch's ineffective assistance of counsel claim.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.